UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


EXTREME TOOL AND ENGINEERING, INC.,

     Plaintiff,

v.                                                              Case No. 2:08-cv-257
                                                               HON. R. ALLAN EDGAR


BEAR CUB ENTERPRISES, LLC,
BEAR CUB CORPORATION,
BEAR CUB INDUSTRIES, LLC,
BEAR CUB PRODUCTS, LLC,
BEAR CLIPS, INC., and
BTC INDUSTRIES, LLC,

     Defendant.
_____/


## MEMORANDUM  AND  ORDER


Plaintiff Extreme Tool and Engineering, Inc. brings this action for patent infringement under Title 35 of the United States Code concerning U.S. Patent No. 7,815,443.  Plaintiff invokes the Court's subject matter jurisdiction  pursuant to 28 U.S.C. §§ 1331 and 1338(a).

Plaintiff Extreme Tool and Engineering, Inc. is a Michigan corporation with its principal place of business in Wakefield, Michigan.  Defendant BTC Industries, Inc. ("BTC") is a limited liability company organized and existing under the laws of the State of Michigan with its principal place of business at 405 Pineview Drive, Lake Odessa, Michigan.

Plaintiff is the owner of U.S. Patent No. 7,815,443 which was issued on March 6, 2007.  The patent contains certain claims that cover a spacer clip used to facilitate the hanging and fastening of

1

side strips or panels, such as fiber cement panels, to buildings and structures. The patent contains both method and apparatus claims. Plaintiff claims that BTC sells a product called the "Trigger Clip" that infringes on the plaintiff's Patent No. 7,815,443.

On July 9, 2009, the Clerk of the District Court made an entry of default for defendant BTC under Fed. R. Civ. P. 55(a). [Doc. No. 24]. On July 29, 2009, plaintiff moved pursuant to Fed. R. Civ. P. 55(b) for default judgment against defendant BTC. [Doc. No. 25]. BTC has not timely filed a response to the motion for default judgment. The Court deems BTC to have waived opposition to the motion for default judgment. After reviewing the record, the Court concludes that the plaintiff's motion for default judgment will be **GRANTED IN PART**.

Plaintiff tenders a proposed default judgment and order of permanent injunction for the Court's consideration. First and foremost, plaintiff seeks a permanent injunction prohibiting defendant BTC from infringing on Patent 7,185,443. Based on the default of BTC, the Court finds that BTC has infringed on Patent 7,185,443. The Court finds in the plaintiff's favor against defendant BTC on the issue of liability, i.e. patent infringement. Pursuant to Fed. R. Civ. P. 55(b)(2) the Court will enter a partial default judgment in favor of the plaintiff against defendant BTC solely on the issue of patent infringement. The Court will issue a permanent injunction that enjoins and prohibits BTC from infringing on Patent 7,185,443.

The Court will reserve ruling on two remaining claims or issues: (1) the amount of money damages, if any, that plaintiff may recover from defendant BTC for patent infringement; and (2) whether this is an exceptional case that warrants awarding reasonable attorney fees to plaintiff under 35 U.S.C. § 285 and, if so, the amount of the attorney fees. Before the Court can be in a position to render an informed decision on these two issues, it is necessary for the plaintiff to take discovery

from defendant BTC concerning damages and for the Court to hold an evidentiary hearing under Fed. R. Civ. P. 55(b)(2). The plaintiff's claims for money damages and attorney fees will be referred to Magistrate Judge Timothy P. Greeley for discovery, an evidentiary hearing, and a report and recommendation pursuant to Fed. R. Civ. P. 55(b)(2) and 28 U.S.C. § 636(b)(1).

Plaintiff wants the Court as part of the default judgment to order BTC to provide an accounting and to produce certain financial records which the plaintiff may utilize to determine, calculate, and prove the money damages. Paragraph 3 of the proposed default judgment tendered by the plaintiff provides in part: "Upon receipt and review of this [accounting and financial] information, Extreme Tool shall have the right (at its option and without prejudice) to file additional materials with the Court to seek a damages award for BTC's past infringing conduct or file materials with the Court to seek additional information from BTC to determine a damages award, plus applicable interest and costs."

The amount of damages, if any, that the plaintiff may recover from defendant BTC for patent infringement is uncertain and unknown at the present time. Plaintiff wants the Court to enter a default judgment on damages, but allow plaintiff to take discovery and leave the issue of damages open for future litigation. The Court declines to follow this path proposed by the plaintiff. At this juncture the Court will not grant default judgment to the plaintiff on its claim for money damages under Rule 55(b)(2). Instead, the best way to proceed is for the damages claim to remain open for a period of discovery. Once discovery has been completed, the Magistrate Judge can hold an evidentiary hearing on damages under Fed. R. Civ. P. 55(b)(2) and submit a report and recommendation pursuant to 28 U.S.C. § 636(b)(1). The Court will then be in the position to render a final judgment fully adjudicating and disposing of the plaintiff's claim for damages.

Plaintiff also seeks to recover attorney fees from BTC pursuant to 35 U.S.C. § 285 which provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." Plaintiff claims that it should be awarded $17,548.43 in attorney fees incurred up to the present date. Plaintiff proposes that the Court enter a default judgment for $17,548.43 in attorney fees and allow plaintiff leave to file supplemental claims in the future for additional attorney fees in excess of the $17,548.43. Plaintiff wants to keep the issue of attorney fees open for potential further litigation.

The Court declines to enter a default judgment on the plaintiff's claim for attorney fees that would leave the issue open for future litigation. The Court prefers to completely adjudicate the entire claim for attorney fees in a final judgment. The extraordinary claim for attorney fees pursuant to 35 U.S.C. § 285 should be adjudicated after an evidentiary hearing held under Rule 55(b)(2).

The determination of whether a patent infringement case is exceptional and eligible for an award of reasonable attorney fees to the prevailing party under 35 U.S.C. § 285 is a two-step process. First, the Court must determine whether the case is exceptional. If it is an exceptional case, then the Court must next determine whether an award of attorney fees is appropriate. *Wedgetail, Ltd. v. Huddleston Deluxe, Inc*., 2009 WL 2448513, * 1 (Fed. Cir. Aug. 12, 2009); *Cybor Corp. v. FAS Techs, Inc*., 138 F.3d 1448, 1460 (Fed. Cir. 1998) (en banc). An award of attorney fees is within the Court's discretion.

The term "exceptional" in 35 U.S.C. § 285 is not defined by federal statute. The Federal Circuit Court of Appeals has enunciated a nonexhaustive list of criteria that may be utilized to determine whether a patent infringement case is "exceptional" for the purpose of awarding attorney fees to the prevailing party under 35 U.S.C. § 285. The criteria focuses on the conduct of the losing

4

party. The factors include: (1) willful patent infringement; (2) inequitable conduct before the United States Patent Office; (3) misconduct during the litigation; and (4) vexatious, bad faith or unjustified litigation, or the filing of a frivolous lawsuit. *Wedgetail*, 2009 WL 2448513, at * 2; *Golight, Inc. v. Wal-Mart Stores, Inc.*, 355 F.3d 1327, 1339-40 (Fed. Cir. 2004) (willful patent infringement); *Warner v. Ford Motor Co.*, 331 F.3d 851, 857 (Fed. Cir. 2003); *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1480 (Fed. Cir. 1998); *Beckman Instruments, Inc. v. LKB Producer AB*, 892 F.2d 1547, 1553-54 (Fed. Cir. 1989); *Machinery Corp. of America v. Gullfiber, AB*, 774 F.2d 467, 470 (Fed. Cir. 1985); *see also Duramax, Inc. v. Roppe Corp.*, 2007 WL 405937, * 1 (N.D. Ohio Feb. 1, 2007).

The prevailing party bears the burden of establishing the exceptional nature of the case by clear and convincing evidence. *Wedgetail*, 2009 WL 2448513, at * 2; *Innovation Technologies, Inc. v. SplashA Medical Devices, LLC*, 528 F.3d 1348, 1350-51 (Fed. Cir. 2008); *Cambridge Prods., Ltd. v. Penn Nutrients, Inc.*, 962 F.2d 1048, 1050 (Fed. Cir. 1992); *Beckman Instruments*, 892 F.2d at 1553-54; *Machinery Corp. of America*, 774 F.2d at 471; *Reactive Metals & Alloys Corp. v. ESM, Inc.*, 769 F.2d 1578, 1582 (Fed. Cir. 1985).

Accordingly, the plaintiff's motion for default judgment [Doc. No. 25] is **GRANTED IN PART** pursuant to Fed. R. Civ. P. 55(b) as follows.

Based on the default of defendant BTC, the Court finds that BTC infringed on Patent 7,185,443. The Court finds in the plaintiff's favor against defendant BTC on the issue of liability, i.e. patent infringement. Pursuant to Fed. R. Civ. P. 55(b)(2) the Court will enter a partial default judgment in favor of the plaintiff against defendant BTC solely on the issue of patent infringement. The Court will also issue a permanent injunction that enjoins and prohibits BTC from infringing on

Patent 7,185,443. A separate partial default judgment and permanent injunction will be entered.

The Court **RESERVES** ruling on two remaining claims or issues: (1) the amount of money damages, if any, that plaintiff may recover from defendant BTC for patent infringement; and (2) whether this is an exceptional case that warrants awarding reasonable attorney fees to plaintiff under 35 U.S.C. § 285 and, if so, the amount of the attorney fees. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 55(b)(2) the Court **REFERS** the plaintiff's claims for money damages and attorney fees under 35 U.S.C. § 285 to Magistrate Judge Timothy P. Greeley to establish a schedule for the taking of discovery, an evidentiary hearing, and a report and recommendation.

SO ORDERED.

Date: September 3rd , 2009.


_____*/s/ R. Allan Edgar*_____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE